1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11 JEFFREY ANTHONY WOODFORK,        )   Case No. 09cv1543-JM (BLM)
                                    )
12            Petitioner,           )   **ORDER DENYING WITHOUT**
   v.                               )   **PREJUDICE PETITIONER'S MOTION**
13                                  )   **FOR APPOINTMENT OF COUNSEL**
   MATTHEW CATE, Secretary of the  )
14 California   Department   of )   **[Doc. No. 6]**
   Corrections and Rehabilitation,  )
15                                  )
              Respondent.           )
16                                  )
                                    )
17 ────────────────────────────────

18      On August 26, 2009, Petitioner Jeffrey A. Woodfork, a state

19 prisoner proceeding *pro se* and *in forma pauperis*, filed the instant

20 Motion for Appointment of Counsel. Doc. No. 6. Petitioner contends

21 that he requires appointed counsel because of his indigent status and

22 inability to afford counsel. <u>Id.</u> Having considered the request

23 submitted by Petitioner and the applicable law, and for the reasons set

24 forth below, Petitioner's Motion for Appointment of Counsel is **DENIED**

25 without prejudice.

26      The Sixth Amendment right to counsel does not extend to federal

27 habeas corpus actions by state prisoners. <u>See</u> <u>McClesky v. Zant</u>, 499

28 U.S. 467, 495 (1991); <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir.

1  1996) (noting that there currently exists no constitutional right to

2  appointment of counsel in habeas proceedings); <u>Chaney v. Lewis</u>, 801 F.2d

3  1191, 1196 (9th Cir. 1986).   However, courts may appoint counsel for

4  financially eligible habeas petitioners seeking relief pursuant to 28

5  U.S.C. § 2254 where "the interests of justice so require."  18 U.S.C.

6  § 3006A(a)(2)(B); <u>Chaney</u>, 801 F.2d at 1196.  Whether or not to appoint

7  counsel is a matter left to the court's discretion, unless an

8  evidentiary hearing is necessary.  <u>See</u> <u>Knaubert v. Goldsmith</u>, 791 F.2d

9  722, 728-30 (9th Cir. 1986) (explaining that the interests of justice

10  require appointment of counsel when the court conducts an evidentiary

11  hearing on the petition).

12      The court's discretion to appoint counsel pursuant to 28 U.S.C.

13  § 1915(e)(1), may be exercised only under "exceptional circumstances."

14  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).[1]  "A finding of

15  exceptional circumstances requires an evaluation of both the 'likelihood

16  of success on the merits and the ability of the petitioner to articulate

17  his claims *pro se* in light of the complexity of the legal issues

18  involved.'  Neither of these factors is dispositive and both must be

19  viewed together before reaching a decision."  <u>Id.</u> (quoting <u>Wilborn v.</u>

20  <u>Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

21      The Court has reviewed the Petition for Writ of Habeas Corpus

22  submitted by Petitioner in this case. Doc. No. 1. It appears that

23  Plaintiff has a sufficient grasp of his case, the legal issues involved,

24  and is able to adequately articulate the basis of his claims.  Thus, the

25  Court finds that Petitioner not only has a sufficient grasp of his claim

26

27

_____

[1]      The <u>Terrell</u> court cited to 28 U.S.C. § 1915(d), but the legislature

28  subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

1  for habeas relief, but also is able to articulate that claim adequately

2  without legal assistance.  See LaMere v. Risley, 827 F.2d 622, 626 (9th

3  Cir. 1987) (affirming district court's denial of request for appointment

4  of counsel where pleadings demonstrated petitioner had "a good

5  understanding of the issues and the ability to present forcefully and

6  coherently his contentions").   The Court also finds that while

7  Petitioner has asserted sufficient facts to state a claim for federal

8  habeas relief, he has not established a likelihood of success on the

9  merits.  See Terrell, 935 F.2d at 1017.  Under these circumstances, the

10 Court concludes that this habeas proceeding does not present

11 "exceptional circumstances" justifying the appointment of legal counsel.

12 Id.  Accordingly, Petitioner's Motion for Assignment of Counsel is

13 **DENIED** without prejudice.

14      **IT IS SO ORDERED**.

15 DATED: August 28, 2009

16

17                                 BARBARA L. MAJOR
                                   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28